SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald S. Thurston, | No. CV 13-0410-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Colorado Dep't of Corrections, et al., | |
| Defendants. | |

On February 27, 2013, Plaintiff Donald S. Thurston, who is confined in the Arizona State Prison Complex, Cibola Unit, in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*. (Doc. 1, 2.) The Court will grant Plaintiff leave to proceed *in forma pauperis*, but because venue in this district is improper, the Court will transfer this action to the District of Colorado for further proceedings.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Venue

A civil action in which subject matter jurisdiction is not solely based on diversity may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of [the] property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Subject matter jurisdiction in this case is not based solely on diversity. Further, none of the Defendants appear to be a resident of, or to have even minimal contacts with, the State of Arizona. Rather, it appears that all of the Defendants reside or can be found in the District of Colorado. In addition, it appears that all of the events giving rise to the claims asserted in the Complaint occurred in Colorado. For these reasons, the Court concludes that venue is not proper in this district, but would be proper in the District of Colorado.

## III. Transfer to the District of Colorado

The Court may dismiss or transfer any action "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). Further, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "[T]ransfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)).

- 2 -

In this case, it appears that all of the Defendants reside in the State of Colorado and that the Court lacks personal jurisdiction over them. See Nelson v. International Paint Co., 716 F.2d 640, 643 (9th Cir. 1983). The events which gave rise to Plaintiff's claims also arose in Colorado and the witnesses and documents related to these claims are likely to be found in Colorado. The interests of justice support transfer of this action to the District of Colorado. Accordingly, the Court finds that this case, which could have originally been brought in the District of Colorado, should be transferred to that district pursuant to 28 U.S.C. § 1404(a).

**IT IS ORDERED**:

(1)	Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2)	As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)	This action is **transferred** to the District of Colorado for further proceedings.

DATED this 17th day of April, 2013.

_____
David G. Campbell
United States District Judge